[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant in this case has applied for accelerated rehabilitation under General Statutes § 54-56e. The subsequent eligibility check determined that the defendant has a conviction in the state of New York for disorderly conduct, Penal Law § 240.20.[1] Under New York law, the conviction carried a possible penalty of fifteen days imprisonment and is considered a "violation" and not a "crime."[2] Because that offense carried a term of imprisonment, court support services determined that the defendant was not eligible for accelerated rehabilitation because it constitutes a prior conviction for a "crime" under Connecticut law. The state's attorney's office concurs in that opinion. The defendant disagrees with that opinion. The issue now before this court is whether that conviction precludes the use of the accelerated rehabilitation program.
General Statutes § 54-56e (b) provides in pertinent part: "The court may, in its discretion, invoke such program on motion of the defendant . . . with respect to [an accused] . . . (2) who has no previous record of conviction of a crime . . ."
The term "crime" is defined in General Statutes § 53a-24 (a) which provides in pertinent part:
The term "offense" means any crime or violation which constitutes a breach of any law of this state or any other state . . . for which a sentence to a term of imprisonment or to a fine, or both, may be imposed, except one that defines a motor vehicle violation or is deemed to be an infraction. The term "crime" comprises felonies and misdemeanors. Every offense which is not a "crime" is a "violation." Conviction of a violation shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense.
General Statutes § 53a-26 (a) provides in pertinent part: "An offense for which a person may be sentenced to a term of imprisonment of CT Page 2752 not more than one year is a misdemeanor."
Thus, under Connecticut law, any offense that carried a term of imprisonment of fifteen days would be an unclassified misdemeanor and hence a "crime." Indeed, the defendant candidly admits as much. It then follows that a prior conviction of such an offense would bar the use of the accelerated rehabilitation program under § 54-56e (b)(2).
The defendant, however, argues that his prior conviction should not exclude him from receiving accelerated rehabilitation because under New York law the disorderly conduct statute is classified as a "violation." See New York Penal Law § 240.20. Thus, the defendant argues that it is not a "crime" under Connecticut law because "violations" are not "crimes" in Connecticut.
In addition, the defendant further argues that it should not be considered a crime under Connecticut law because those charged with the offense do not have the right to a jury trial and thus, in essence, argues that it is akin to an infraction under Connecticut law.[3]
This court understands that although the term "crime" is defined in § 53a-24 (a), it can have a more encompassing meaning depending upon the context in which it is used. See State v. Guckian, 226 Conn. 191,198-99 (1993). Thus, even though a "motor vehicle violation" is expressly excluded from the statutory definition of "crime," it may still be considered a "crime" based upon an entire reading of the statute, particularly if the statute is remedial in nature. See id. at 202 (violation of General Statutes § 14-215 (c) is a crime for the purposes of General Statutes §§ 17a-648 through 17a-658).
While it is obvious that General Statutes § 54-56e is a remedial statute, the court finds nothing therein that supports the defendant's position. Rather, its legislative history leads to the conclusion that the legislature has consistently adhered to the statutory definition of "crime." In 1987, the legislature made the program available to those persons accused of "a motor vehicle violation for which a term of imprisonment may be imposed . . ." See Public Acts 1987, No. 87-343. Certainly if the legislature believed that the term crime as used in the statute was broader than the definition set forth in § 53a-24 (a), then it would not have thought it was necessary to amend it to include certain motor vehicle violations.
In 1988, the legislature precluded the use of the program from any person with a previous conviction of a "violation of 14-196, subsection (c) of section 14-215, section 14-222a, subsection (a) of section 14-224
CT Page 2753 or section 14-227a." See Public Acts 1988, No. 88-145. Here too, if the legislature believed that the term "crime" was broad enough to include previous motor vehicle violations, then it would not have amended the statute to exclude certain ones. In sum, these acts evince a legislative determination to adhere to Connecticut's statutory definition of "crime."
Further buttressing this conclusion is that nothing in the statute suggests that the term "crime" can be defined by reference to the labels used by other states. Instead, by defining an "offense" as a "breach of any law of this state or any other state . . . for which a sentence to a term of imprisonment or to a fine, or both, may be imposed," the legislature has chosen to use Connecticut law as the proper reference point." (Emphasis added.) General Statutes § 53a-24 (a).
Moreover, the defendant's arguments would lead to an absurd result. Under the defendant's argument, if New York were to define a murder statute as a "violation," then such a previous conviction would not preclude that person from eligibility for the program. Clearly this would be a bizarre result. Statutes should not be read in such a manner. Statev. DeFrancesco, 235 Conn. 426, 437 (1995).
In sum, the plain language of §§ 53a-24 (a), 53a-26 (a), and 54-56e
(b)(2), coupled with the legislative history of the entire accelerated rehabilitation statute, leads to the conclusion that a previous conviction for any offense that carried a term of imprisonment is a "crime." Thus the defendant is precluded from the use of the accelerated rehabilitation program.
For all the foregoing reasons, the defendant's application for accelerated rehabilitation is denied.
Jack W. Fischer, Judge